# Grant *v.* The State.

### *Indictment for Murder.*

1. *General charge on evidence.*—When there is any evidence tending
to show the guilt of a defendant, the general charge in his favor
should not be given.
2. *Charge confined to part of the evidence.*—A charge limiting the
jury to the consideration of the defendant's evidence alone is proper-
ly refused.
3. *Charge confusing or misleading.*—A charge asserting "that if one
link in the chain of circumstantial evidence is wanting, the State has
failed to make out its case," is calculated to confuse and embarrass
the jury, and is properly refused.
4. *Charge ignoring part of the evidence.*—A charge asserting "that
evidence of good character on the part of the defendant may be suffi-
cient to generate a reasonable doubt, and in that event the jury cannot
convict the defendant," is properly refused, because it singles out
part of the evidence and ignores other testimony which should be
considered with it,

| | |
|---|---|
| 97 | 35 |
| 105 | 13 |
| 105 | 59 |
| 97 | 35 |
| 106 | 56 |
| 107 | 60 |
| 97 | 35 |
| 113 | 43 |
| 97 | 35 |
| 124 | 47 |
| 97 | 35 |
| 130 | 30 |
| 97 | 35 |
| 141 | 28 |
| 97 | 35 |
| 144 | 53 |

Appeal from Jefferson Criminal Court.

Tried before Hon. SAMUEL E. GREENE.

Appellant was tried and convicted under an indictment
charging him with the murder of A. W. Busby by shooting
him with a gun or pistol. The evidence on the part of the
State was entirely circumstantial, showing that Busby was
found dead in his house, shot through the back of the head
and neck. His house was about one mile from College

Station, which is on the East Lake dummy line about six miles from Birmingham. Defendant and deceased were seen at College Station about 3 P. M. of the day of the killing, and were talking about a car load of lumber about which there was a dispute between them. There was evidence as to threats by the defendant against the deceased, and of admissions by him that he had been to East Lake or College Station on the night of the killing. Also that tracks leading from the window of the house through which the shooting was done, corresponded in size and appearance with defendant's tracks. There was proof of good character of the defendant, and also proof tending to show that defendant was at Birmingham on the night of the killing.

The defendant asked the general affirmative charge, and 2. The Court charges the jury that if they believe the evidence of the defense, they will find the defendant not guilty. 3. If one link in the chain of circumstantial evidence is wanting the State has failed to make out its case. 4. Evidence of good character of the defendant may be sufficient to generate a reasonable doubt, and in that event they must acquit him. The refusal of the court to give these charges is the only matter to which exceptions were taken.

BROWN & BROWN and T. L BEATTY, for appellant, cited Wharton's Am. Cr. Law §§ 743, 745; Burrill on Cir. Ev. § 734; *Tompkins v. State,* 32 Ala. 569; *Felix v. State,* 18 Ala. 720: *Harrison v. State,* 37 Ala. 154; *Dupree v. State,* 33 Ala. 380; *Hall v. State,* 40 Ala. 698.

W. L. MARTIN, Attorney-General, *contra.*

HEAD, J.—There was evidence tending to show the guilt of the accused, as charged in the indictment. Its sufficiency was for the jury. The general charge requested by the defendant was, therefore, properly refused.

It was the duty of the jury to consider all the evidence, both for the State and accused, in making up their verdict; hence the second charge requested, which limited them to a consideration of the evidence introduced by the defendant, was properly refused.

The third charge requested is precisely the same as one held bad in *Tompkins v. State,* 32 Ala. 569. See the numerous authorities there collated; also *Wharton v. State,* 73 Ala. 366. It was calculated to mislead the jury and was properly refused.

It is certainly true that in all criminal trials the accused

[Hodge v. The State.]

may give in evidence his previous good character; and that cases may and do arise in which such evidence has the effect of creating in the minds of the jury a reasonable doubt of guilt, even where the other evidence, unaided by the proof of good character, would leave no doubt. But good character is no more than a pertinent fact in a cause, like any other pertinent fact, and should be considered by the jury, not alone, but in connection with all the other evidence. It is never proper for the court to single out a part, and ignore other evidence which should be considered with it, and charge the jury upon it. Such action is calculated to give undue prominence to the part so singled out, and draw the attention of the jury away from other facts which, it may be, are of equal weight and importance. The fourth charge requested is obnoxious to this principle and was properly refused.

There is no error in the record, and the judgment of the Criminal Court is affirmed.