# Scott v. The State.

## *Indictment for Murder.*

1. *Evidence of good character, generating reasonable doubt; charge thereon.*—In a criminal case, evidence of good character may be sufficient to generate a doubt, but only when considered in connection with other evidence in the case; and a charge requested by defendant, instructing the jury that proof of good character "may be suffi-

cient to generate a reasonable doubt of guilt, although no such doubt would have existed but for such good character," is properly refused; such charge giving undue prominence to the proof of character, and being calculated to mislead the jury.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, jointly with one Bill Williams and Trance Singleton, for the murder of Meredith Sledge, was granted a severance, tried separately and convicted of murder in the second degree, and was sentenced to the penitentiary for fifteen years.

The evidence for the State and for the defendant were in conflict, as to the circumstances of the killing; but the opinion renders it unnecessary to set this evidence out in detail. The defendant introduced several witnesses, who testified that they knew his general character in the community in which he lived for peace and quiet, and that it was good. The only question presented on this appeal and which is considered in the opinion, arises upon defendant's exception to the court's refusal to give, at his request, the following written charge: "If the prisoner has proved a good character for peace, the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character."

JOHN G. FINLEY and JOHN G. WINTER, for appellant. The charge requested by the defendant should have been given. It is the settled law of this State that in all criminal prosecutions the accused may offer evidence to prove previous good character, not only where a doubt exists from the other proof, but even to generate a doubt of guilt. The charge requested in this case, is not abstract or misleading, and it does not ask or require the jury to consider the proof of character alone or independent of the other evidence in the case. It only asserts that proof of good character may (not will) generate a doubt. In this respect the present charge differs from charges of a similar nature which have been condemned by the decisions of this court.—*Fields v. State*, 47 Ala. 603; *Felix v. State*, 18 Ala. 720; *Harrison v. State*, 37 Ala. 154; *Dupree v. State*, 33 Ala. 380; *Hall v. State*,

[Scott v. The State.]

40 Ala. 698 ; *Williams v. State*, 52 Ala. 411 ; *Barnett v. State*, 83 Ala. 40 ; *Pate v. State*, 94 Ala. 14 ; *Johnson v. State*, 94 Ala. 35; *Bell v. Troy*, 35 Ala. 184.

W. C. FITTS, Attorney-General, for the State.—The charge requested by the defendant as to the proof of the good character of the defendant generating a doubt, was properly refused.—*Grant v. State*, 97 Ala. 35.

HARALSON, J.—The charge on which we are requested to review this case, asserts the proposition, that proof of good character, "may be sufficient to generate a reasonable doubt of guilt, although no such doubt would have existed but for such good character." It is clearly subject to the vice, that it gives undue prominence to the proof of character.—*Goldsmith v. The State, ante* p. 8 ; *Grant v. The State*, 97 Ala. 35.

We would not impair the value of the proof of good character, in the trial of a defendant charged with crime. Let it be made, always for its full value, to be considered in connection with all the other evidence in the cause, but never independent of it, to generate a doubt of defendant's guilt.

Nor would we deny, that there are cases, where proof of good character may and ought to generate a doubt, when, without such proof, the jury would be satisfied of the defendant's guilt beyond a reasonable doubt.

The charge in hand, similar to the one in *Johnson v. The State*, 94 Ala. 39, is subject to the further condemnation, that it was calculated to convey to the jury the impression that they might consider the proof of good character by itself, independent of the other evidence, and that when so considered it might generate a doubt.—*Springfield v. The State*, 96 Ala. 81 ; *Pate v. The State*, 94 Ala. 18 ; *Barnett v. The State*, 83 Ala. 45 ; *Williams v. The State*, 52 Ala. 413.

There was no error in refusing so give said charge.
Affirmed.