# Bell *v*. The State.

## *Murder.*

(Decided Dec. 21, 1910.   54 South. 116.)

1. *Depositions; Criminal Cases; Return.*—A deposition sent to the counsel of the defendant in an envelope endorsed in the name of one of the witnesses, was properly suppressed as failing to comply with sections 4039 and 7889, Code 1907.

2. *Homicide; Evidence.*—For the purpose of showing malice or motives it was competent to show by a daughter of the decedent whether or not the accused and the decedent had had trouble the preceding spring.

3. *Same; Transactions Preceding Homicide.*—As preliminary to showing that accused said that he would get decedent, it was competent for the state to show that there was a conversation between the parties on the night of the killing and as to statements by defendant to witnesses concerning his visits to decedent.

4. *Same; Instructions; Degree of Offense.*—Where the charge was murder in the first degree, an instruction asserting that the only foundation for a conviction would be a finding beyond a reasonable doubt that the defendant was guilty as charged, ignored the jury's right to convict of lesser offenses charged in the indictment, and was hence, properly refused.

5. *Witnesses; Examination.*—Where decedent's character was not in issue and there was no pretense that any one other than the defendant who had been in the habit of visiting there, killed the decedent, it was proper to exclude questions on the cross as to what other men visited the decedent.

6. *Same; Credibility.*—A witness cannot be discredited by showing that he had been in jail.

[Bell v. The State.]

7. *Same; Character af Accused.*—Where a witness testified as to the good character of the defendant, it was competent to ask such witness if he had ever heard of the defendant killing a man at a certain place and changing his name, and if he had ever heard that the defendant lived at a certain place.

8. *Same; Cross Examination.*—Where the evidence of a witness for the defendant tended to show an alibi, it was competent to ask him on the cross how long it takes to walk from his store to a certain car line, the same being part of the distance between the store and the place of the killing.

9. *Charge of Court; Undue Prominence; Character.*—Charges asserting that any accused person may introduce evidence of good character which alone may create reasonable doubt as to his guilt, that the jury may consider such evidence, that if accused is shown to have borne a good character for several years, and was peaceable, quiet and law-abiding, such good character might create a reasonable doubt as to his guilt, are properly refused as giving undue prominence to evidence of character.

10. *Same; Covered by Those Given.*—It is not error to refuse written instructions substantially covered by written instructions already given.

11. *Same; Credibility of Witness.*—It is not error to charge that the jury could consider defendant's interest in the verdict, and any contradiction in his testimony, and that his testimony might be entirely disregarded if false in any material particular.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

John Bell, alias, was convicted of murder and he appeals. Affirmed.

The following charges were refused to the defendant: (2) "The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt. If the prosecution has failed to furnish this measure of proof and to so impress the minds of the jury of his guilt, they should find him not guilty." (4) "Any man on trial for committing a crime is permitted to introduce evidence of his general character; and this evidence alone may be sufficient to create a reasonable

doubt of his guilt. The jury ought to consider this evidence in arriving at their verdict." (6) "If the defendant has shown to the jury that for a number of years he had borne a good character, and is a peaceable, quiet, and law-abiding citizen, the law says that such good character may be sufficient to create a reasonable doubt of his guilt, although no such doubt would have existed, but for such good character."

The following charge was given for the state: (18) "The court charges the jury that, in considering the testimony of the defendant, they may do so in the light of the fact that he is a defendant and the interest he has in the verdict. They may consider the fact, if it be a fact, that the defendant's testimony is contradicted by the testimony of other witnesses; and if the jury believe that the defendant has willfully testified falsely in any material particular in this case, then the jury may disregard the defendant's testimony entirely."

J. B. JENKINS, for appellant. Counsel discusses assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. The court properly suppressed the depositions for failure to comply with sections 4039, 4040 and 7889, Code 1907. The court did not abuse its discretion in refusing to grant a continuance after suppressing the deposition. For the purpose of showing malice or motive, evidence of the fact that there was a former difficulty between the parties may be shown, but not the details thereof.—*Griffin v. The State,* 90 Ala. 596; *Stitt v. The State,* 91 Ala. 669. On these authorities it is immaterial as to whether other persons visited the deceased or not. On these same authorities, the court properly permitted the evidence of the conversation

leading up to the threat. A person may not be impeached by showing that he had been in jail. The time it would take a man to walk from witness's store to the car line was relevant to the issue as made by his testimony.—*Linnehan v. The State.* Defendant having offered evidence of good character, it was competent for the state to bring out the matters here brought out on the cross.—*White v. The State,* 114 Ala. 10. Charges 4 and 6 were properly refused.—*Scott v. The State,* 105 Ala. 59. Counsel discusses the other charges given and refused, but without further citation of authority.

EVANS, J.—This case is appealed from the city court of Mobile. The appellant was there indicted for murder in the first degree. He was convicted as charged, and the penalty of death was imposed by the verdict of the jury and the judgment and sentence of the court. The record proper of the case shows that all matters, properly appearing thereon, were done in strict accordance with the law. The bill of exceptions presents several questions for review by this court.

Immediately after the case was called for trial, and before the impaneling of the jury was begun, counsel for the defendant called the attention of the court to certain depositions that he proposed to introduce in evidence upon the trial of the case. These so-called depositions had been received by defendant's counsel through the mail on the day before the trial. On the envelope, in which the depositions were sent to defendant's counsel, was indorsed "B. F. Ellis, Orville, Ala." The said B. F. Ellis was not the commissioner apointed to take the depositions, but was one of the witnesses whose deposition was taken. In the envelope accompanying the depositions was the following letter: "March 10/10. Mr. J. B. Jenkins, Dear Sir: I enclose you herewith

the depositions in John Bell case that you wanted. Hope they will reach you in time. Yours truly, B. F. Ellis."

Article 2 of chapter 308 of the Code of 1907 provides for the taking of depositions of witnesses in criminal cases, in certain contingencies. Section 7889 of said Code, being one of the sections under said article 2, is as follows: "Depositions taken under the provisions of one of the preceding sections are governed by the same rules which are applicable to depositions taken in civil cases at law." The rule as to depositions taken in civil cases at law requires that "the deposition, when complete, must be by the commissioner enveloped, together with the commission and any document which may have been deposed to, sealed and directed to the clerk of the court where the cause is pending, with the title of the cause indorsed thereon."—Code 1907, § 4039. This rule was not followed in this case, but was entirely disregarded. It follows that the court properly suppressed the depositions on motion of the solicitor.

The state asked its witness Etta McGuire the following question: " Did he (the defendant) and your mother have some trouble last spring?" The defendant objected to the question as calling for irrelevant, immaterial, incompetent, and illegal evidence. The court overruled the objection, and the defendant excepted. There was no error in the ruling of the court. It was perfectly legitimate for the state to prove malice or motive on the part of defendant, and the evidence sought to be elicited tended to show malice or motive. The answer to the question was to that effect.

On cross-examination of the same witness, the defendant asked the following question: "What other men came there to see her?" The state objected to

the question. The court sustained the objection, and the defendant excepted. There was no error in the ruling of the court. The character of the deceased was not at issue in any aspect of the case, nor was there any attempt to show that any one else than defendant, who had been in the habit of visiting deceased, killed her. The evidence sought to be elicited was entirely irrelevant.

State's witness Mamie Watts was asked by the state, "Was there any talk between John and Maggie that night?" The defendant objected to the question upon the ground that it called for immaterial, irrelevant, incompetent, and illegal evidence. The court overruled the objection and defendant excepted. The answer of the witness shows that there was such a conversation, and that defendant then and there told deceased, "I will get you if it takes seven years." As leading up to this threat on the part of defendant against deceased, the question was entirely proper. The same rule applies to the following questions asked its witness by the state: "Did he say anything to you about visiting Maggie at the time?" and "What was that conversation?" The subsequent evidence shows that these were proper questions.

There was no error in the court's sustaining the objection of the state to the following question asked by defendant of the state's witness Joseph Knight on cross-examination: "You were turned out of jail two or three days before this, wern't you?" The only possible purpose of the question was to discredit the witness, and the fact that he may have been in jail could not be considered for this purpose.

On cross-examination of defendant's witness Mr. Farnell, the state asked him, "How long does it take for a man to walk from your store up to the Govern-

ment street car line?" To this question the defendant objected, and excepted to the court's overruling of the objection. The defendant had offered evidence tending to show an alibi, and the evident purpose of the question was to show that the defendant may have been where the witness testified he was at the time witness stated, and could have gotten to the scene of the murder by the time it was committed. A part of the distance to be traversed by walking was the distance from the store of the witness up to the Government street car line. It was material and relevant for the state to show, under the circumstances, how long it would have taken the defendant to go from the storehouse of witness Farnell to the scene of the murder. The ruling of the court was without error.

Defendant's said witness Farnell, having testified to the good character of defendant, was asked by the state on cross-examination, "Did you ever hear of his shooting a fellow in Selma on account of a woman, and changing his name from John Chapman to John Bell?" and, also, "Did you ever hear of his living on the Matthews place on the Alabama road?" The court did not err in overruling the objections of defendant to these questions on cross-examination. The first of these questions was clearly proper as calling for evidence tending to contradict the evidence of good character as well as to test the knowledge that witness had of defendant's character. The second of these questions was to test the knowledge of the witness as to defendant's residence. On cross-examination of defendant's witness there was nothing in either of these questions of which the defendant could legally complain. The knowledge of witness of where defendant had lived, and what he had been accused of doing, were matters of competent inquiry by the state on cross-examination, after wit-

ness had testified on direct examination to the good character of defendant.

Charge 2 asked by defendant and refused by the court was properly refused. The defendant was charged with murder in the first degree, and the charge limited the inquiry to that offense, while the defendant might have not been guilty "as charged," and still have been convicted of murder in the second degree or any lesser offense comprehended thereunder.

Charges 4 and 6 were properly refused. "They are clearly subject to the vice that they give undue prominence to the proof of good character."—*Scott v. State,* 105 Ala. 57, 16 South. 925, 53 Am. St. Rep. 100; *Goldsmith v. State,* 105 Ala. 8, 16 South. 933; *Grant v. State,* 97 Ala. 35, 11 South. 915.

Charge 10 refused to defendant was given in substantially the same language in charge 5 at the request of defendant.

Charge 14 requested by defendant was the general affirmative charge for the acquittal of defendant. The evidence was ample for the jury to pass on the guilt or innocence of defendant.

Charge 18 given at the request of the state has been so often approved by this court that we deem it unnecessary to cite authorities.

Counsel for defendant, in his brief, discusses only one proposition; that is, that the court forced the defendant to trial without allowing him to have the benefit of the depositions of the witnesses Ellis and Fitzpatrick. He admits that the depositions were properly suppressed, but contends that the trial judge abused his discretion in forcing the defendant to trial without the testimony of these witnesses. It does not appear in the record proper, nor in the bill of exceptions, that a motion for a continuance was made upon any ground

whatever. There is, therefore, nothing upon that point presented for review by this court.

The judgment of the lower court is affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.

The day fixed by the trial court for the execution of the sentence having passed, this court now fixes Friday the 3rd day of February, 1911, as the day for the execution of said sentence.