(113 So. 88)

**LEWIS v. STATE.** (6 Div. 186.)

Court of Appeals of Alabama.   May 17, 1927.

a pistol, which shot was aimed at or for one Flennoy, with whom defendant was engaged in a difficulty. This being the case, defendant's guilt or innocence is to be determined solely on the proposition of whether or not he would have been blameless had the shot killed Flennoy, for whom it was intended. Gilbert v. State, 20 Ala. App. 28, 100 So. 566.

■ The trial court's full and comprehensive oral charge was based, pertinently, on this principle, and the same, in connection with the numerous written charges given at appellant's request, seems to cover every phase of the law applicable. This in itself is a sufficient justification for the refusal of each of the written charges which stated a correct proposition of applicable law indorsed "Refused" in the record.

■ The trial court fully cured in his oral charge any error he may have committed in his remarks to counsel for defendant upon the presentation by him to the court of defendant's requested written charges.

■ It was not error to put the defendant to trial with the presence of only 32 jurors. Code 1923, § 8646.

We have searched the record and the bill of exceptions in accordance with our statutory duty, and fail to find anywhere prejudicial error committed by the trial court in the conduct of the trial of appellant.

The judgment of conviction is affirmed.

Affirmed.

G. C. Boner, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was indicted for the offense of murder in the first degree, tried, and convicted of the offense of manslaughter in the first degree. His punishment was fixed at imprisonment in the penitentiary for a term of ten years.

■ All the evidence tended to show that defendant killed the deceased by a shot from