(113 So. 33)
ELMORE v. STATE.   (2 Div. 909.)

Supreme Court of Alabama.   May 26, 1927.

Homicide ⬅163(1)—In murder case, exclusion of testimony that witnesses knew defendant's general character in community for peace and quiet held error.

In prosecution of wife for murder of woman whose relations with husband were improper, exclusion of testimony that witnesses knew defendant's general character in community for peace and quiet *held* error, since evidence of good character was competent, and could not be shown till witnesses were qualified.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Daisy Elmore was convicted of murder in the second degree, and she appeals. Reversed and remanded.

C. L. Kelly, of Linden, for appellant.

The court erred in the refusal to allow the proffered evidence of defendant's general character for peace and quietude in the community in which she lived. Such evidence was competent. Dupree v. State, 33 Ala. 388, 73 Am. Dec. 422; Dave v. State, 22 Ala. 38; Harrison v. State, 37 Ala. 157; Armor v. State, 63 Ala. 176; Sullivan v. State, 66 Ala. 50. Such evidence should be admitted for the purpose of generating a doubt of guilt in the minds of the jury. Crawford v. State, 112 Ala. 24, 21 So. 214.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The defendant was convicted of murder in the second degree for the killing of a woman whom, as the testimony strongly tends to show, she had just previously found in the act of sexual intercourse with her (defendant's) husband. During the fight which ensued between them defendant stabbed the deceased with a knife, inflicting a wound which speedily resulted in her death. Defendant testified that

the deceased also had a knife with which she cut defendant on the wrist, and the evidence tended to show that the deceased had made threats against defendant, which had been communicated to her.

"In all criminal prosecutions, whether for felony, or for misdemeanor, the previous good character of the accused, having reference and analogy to the subject of the prosecution, is competent and relevant as original testimony." Kilgore v. State, 74 Ala. 1, 7. And "a person on trial for an affray [or for any crime of violence] may prove his general good character, or his good character as a peaceable, law-abiding man." Cauley v. State, 92 Ala. 71, 72, 9 So. 456; De Arman v. State, 71 Ala. 351, 360, 361; Sullivan v. State, 66 Ala. 48.

The trial court erred in excluding defendant's questions to her several witnesses designed to show that they knew her general character (meaning reputation) in the community for peace and quiet. The evidence of such a character was competent, and it could not be shown until the witnesses were first shown to be qualified by knowledge to speak thereto.

In a case of this character, such evidence would be of prime importance, and would almost certainly influence and temper in some degree the verdict of the jury. Armor v. State, 63 Ala. 173, 176.

We find no other material error in the rulings of the trial court.

For the error noted, the judgment of conviction must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.