159 So. 62

## WINTON v. STATE.
### 6 Div. 559.

Supreme Court of Alabama.
Jan. 31, 1935.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BROWN, Justice.

The appellant was convicted of murder in the first degree. The record and proceedings of the circuit court relating to the indictment, the arraignment, and plea of not guilty interposed by the defendant, the setting of the case for trial, the order for special venire, and its service, appear in all things regular.

There is but one exception relating to the admission of evidence. After Dr. Jackson had testified as a witness for the state that Travis Benton, the person alleged to have been killed, was brought to the hospital at Jasper suffering from gunshot wounds, which

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

he examined, giving testimony as to the character of the wounds and the fact of Benton's death therefrom, Dr. Shores was called as a witness, and, after testifying that he was a physician and surgeon and had had experience in examining and treating gunshot wounds, the solicitor put to him the question: "I will ask you if you were called as a physician on Sunday afternoon, November 26th of last year when Travis Benton and Buck Guthrie were shot up here close to Holly Grove?" Counsel for the defendant objected to this question, "because it assumes that they were shot." The objection was overruled, and the defendant excepted. This ruling was not affected with error.

The evidence is without dispute that on the occasion of the homicide Noah Hendrix, Travis Benton, and Buck Guthrie were together on or near the highway; that defendant and his companion, Amos Henry, passed Benton and his companions; that defendant and Henry were accosted and stopped by Hendrix, for what purpose is not clear, but the state's evidence tended to show that Hendrix requested or directed Amos to dance or sing. There was also evidence going to show that Hendrix and his companions had been drinking. The state's evidence further tended to show that defendant, without just cause or legal excuse, fired two or more shots in the direction of Hendrix, Benton, and Guthrie, and that Benton and Guthrie were mortally wounded and later died from the effects of said wounds.

The law is well settled that, in the killing of one person where the intent was to kill another, the guilt of the slayer is the same as if he had killed the person he intended to kill. Tidwell v. State, 70 Ala. 33; Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45; Bob v. State, 29 Ala. 20.

There is no evidence that the shots fired by the defendant were directed at any particular one of the three persons, and charges T-3 and 4, in assuming that defendant fired at a particular person, invaded the province of the jury, and were refused without error.

The proposition of defendant's refused charge 5 was fully given to the jury both in the general oral charge of the court and the special instructions given at defendant's request.

The record is free from reversible errors, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.