29 So.2d 677

## GETTINGS v. STATE.
### 6 Div. 328.

Court of Appeals of Alabama.
Jan. 28, 1947.

Rehearing Denied Feb. 25, 1947.

Ben F. Ray, of Birmingham, for appellant.

646

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is based on a judgment of conviction in the lower court of murder in the second degree.

The evidence in many particulars is not in conflict, in other phases an irreconcilable contradiction appears.

In its last and final analysis the prima factual issue revolves around the inquiry of whether or not the act of the appellant was justified or excusable under the doctrine of self-defense, which he claimed.

It is without dispute in the evidence that a party had gathered at the home of the deceased for a Saturday night dance. Among the number was a soldier in uniform. In the course of the evening entertainment and prior to a shooting which resulted in the fatal injury to the deceased, some had left and returned. It may be observed here that after the affray all the visitors had dispersed, either to the hospital for injury treatment or for the reason that the dancing party was very definitely and decidedly broken up. Apparently several either got shot or suffered knife cuts or other wounds.

Whatever interpretation we may give to the evidence, it stands out in prominence and assurance that it was not conducive to good order for this group of people to meet at a dance where pistols, knives, beer and whiskey became so much a part of the party participation. This is made more evident by the fact that apparently the ultimate serious affray had its inception in a very trivial occurrence, namely, one dancer stepped on another's feet.

The evidence discloses that during the evening five persons, including James King, the soldier, had gathered in the kitchen of the dwelling. These five individuals deposed that the defendant opened the screen door to this room and, without making any statement, stood just on the outside and fired his pistol into the kitchen. When he had shot two or three times, the soldier drew his pistol and began firing in the direction of the door. The defendant, on the contrary, testified that he entered and stood inside the room and did not pull his weapon until the soldier had fired at him; that he fired his gun six times intending

no harm to any one except the soldier. It appears that King shot several times.

In the course of this shooting, Ed Caver, who resided in the home, was fatally injured and died next day. Each of the other occupants of the room, with the exception of Ellen, wife of the deceased, and the defendant, received pistol shot wounds. Fighting ensued on the outside and into the darkness of the yard. There other visitors joined in, and it was then knives came into play and appellant was among those who got cut.

■ The decisions of our appellate courts are clear to the position that if a person, without legal excuse or justification, shoots at one individual and inadvertently kills another, he would be guilty of the same degree of unlawful homicide as if he had killed the object of his aim. It is also settled by the authorities that if he was acting in self-defense and accidentally killed another he would be guilty of no crime.

■ Therefore, in the case at bar, if the jury was convinced from the evidence beyond a reasonable doubt that the accused fired the shot that caused the death of the deceased, guilt or innocence would be determinable on the inquiry, whether or not the defendant would have been justified and excusable in his act had he shot and killed James King, the person for whom his fire was intended. Winton v. State, 229 Ala. 642, 159 So. 62; Lewis v. State, 22 Ala.App. 108, 113 So. 88; Bush v. State, 23 Ala.App. 502, 127 So. 909.

Appellant had full benefit of these familiar principles in the trial judge's able oral charge.

■ Objections were interposed to the introduction of the alleged dying declaration of the deceased. The witness testified that the declarant said just before he uttered the statement: "Mr. Bulldog, will you kindly turn me over; I can't move, I am dying; give me a little ease." The predicate was sufficient. Judge Harwood, writing for this court, discussed this inquiry fully in the recent case of Brooks v. State, Ala.App., 27 So.2d 48. Authorities are cited therein in support of the views expressed.

■ Aside from our conclusion that the court below was correct in his ruling, we observe that the contents of the dying statement could not inure to appellant's harm. It does not substantially vary from the undisputed evidence to which it relates. The witness answered: "He said he was sitting in a chair nodding when the shooting started and he fell out of the chair and that was all he knows." Hornsby v. State, 16 Ala.App. 89, 75 So. 637, 638.

There were objections made to the tender in evidence of the two pistols which were identified and which were admittedly the weapons used in the shooting affray; to pictures that were taken of the scene of the difficulty; also to the testimony of the state toxicologist with reference to the holes found in the walls and doors of the kitchen; to his examination of the various bullets which were taken from their final lodging places; to his derived conclusions of which pistol fired certain of the located pellets.

■ We deem it an unnecessary undertaking to treat these questions in the order as they appear in the record or attempt a detailed discussion of any one query thus presented. Suffice it for us to say that much of this testimony was not concerning disputed facts. Under the well-settled rule the admission of uncontroverted and uncontradictory testimony cannot be cause for reversal. Coplon v. State, 15 Ala.App. 331, 73 So. 225; Wilson v. State, 31 Ala. App. 21, 11 So.2d 563; Cochran v. State, 20 Ala.App. 109, 101 So. 73; Weems v. State, 222 Ala. 346, 132 So. 711.

■ Mr. Brooks, the state toxicologist, qualified as an expert in his field of study and was also shown to have had extensive experience in the matters about which he gave testimony. Whether or not he possessed the required qualifications was a basic inquiry which was addressed largely to the sound discretion of the trial court. DeSilvey v. State, 245 Ala. 163, 16 So.2d 183; Mathis v. State, 15 Ala.App. 245, 73 So. 122; Wilson v. State, supra.

■ If we gave no heed to our conclusion that error did not result to appellant because this expert evidence was not in dispute in its material aspects, we would

still be supported by ample authority to hold that the court below was not in error in admitting it. DeSilvey v. State and Wilson v. State, supra, deal specifically with the competency of the state toxicologist to give expert testimony. It appears that a Mr. Brooks was the witness in the Wilson case. The recent date of the promulgation of this opinion leads us to believe that we are here dealing with the same individual. This is interesting to note but certainly beside the point if the witness was shown to be qualified, and we hold that he was. See, also, Roan v. State, 225 Ala. 428, 143 So. 454; Clemons v. State, 167 Ala. 20, 52 So. 467.

Next we will consider the written instructions that were refused to appellant.

Charges 1, 12, and 13 are the general affirmative charges. Under no aspect of the evidence would any of these have been properly given.

■ Charges numbered 7, 15, 18, and 26 were substantially and fairly covered by the oral instruction of the court or written charges given at the instance of the defendant. Title 7, Sec. 273, Code 1940; Kelley v. State, Ala.App., 26 So.2d 633.

In Parsons v. State, Ala.App., 25 So.2d 44, this court had under consideration charges identical to Nos. 3, 9, 19, 21, 24, 27, and 28 in the instant case. We make reference to this recent opinion, wherein will be found reasons set out and authorities noted to support our views in holding the instructions were properly refused.

■ The element of retreat is not included in Charge 5. Under the evidence this ingredient of the claimed defense should not have been omitted.

■ Proof of general reputation for peace and quiet presented by appellant is pointed out and given undue prominence in Charge 8. Scott v. State, 105 Ala. 57, 16 So. 925, 53 Am.St.Rep. 100; Pate v. State, 150 Ala. 10, 43 So. 343; Bell v. State, 170 Ala. 16, 54 So. 116; Henderson v. State, 11 Ala.App. 37, 65 So. 721.

■ The effect of refused Charge 17 is to disassociate the evidence of good character and accept it as sufficient to generate a reasonable doubt of defendant's guilt. This is contrary to the established rule that a verdict of the jury should be based on the entire evidence. Watkins v. State, 133 Ala. 88, 32 So. 627; Stephenson v. State, 28 Ala. App. 418, 185 So. 910.

■ Charge numbered 20 attempted to submit to the jury a question of law without an explanation of what constitutes self-defense. Windom v. State, 18 Ala. App. 430, 93 So. 79; Henderson v. State, supra.

Aside from what we have just observed, the trial court in his oral charge gave full, fair and correct instructions on the doctrine of self-defense.

■ Circumstantial evidence did not enter the factual issues in the case. Therefore Charge 23 is abstract.

■ In oral argument and again in brief, able attorney for appellant concedes that as a general rule Charge Z is properly refused because it contains the vice of instructing the jury that there is no evidence of a fact stated therein. Counsel is correct. Bridgeforth v. State, 15 Ala.App. 502, 74 So. 402. We are cogently urged here to make an exception to the rule because of certain circumstances which attended the trial.

It appears that during the closing argument of the solicitor, he said to the jury: "I believe that the jury would be authorized from the evidence to conclude that James Gettings left the dance hall after the first incident occurred in the dance hall and went home, got this pistol here in evidence and came back to the dance hall looking for trouble." No objections were interposed to this statement.

■ In the motion for new trial a ground is based that the court erred in refusing Charge Z. To justify its tender and attempt to illustrate the impropriety of its refusal, the attorney representing the appellant submitted an affidavit in support of the indicated ground of the motion. In this paper it is declared that the solicitor did make the assertion which we have quoted above. Of course, we cannot pass on the appropriateness of the argument in the absence of objections thereto. This is not pressed, but insistence is made that the charge should have been given as an offset or response to the claimed unauthorized statement of the prosecuting officer. The

trial court will not be put in error for refusing an instruction which has this sole purpose. Earle v. State, 1 Ala.App. 183, 56 So. 32; Barnes v. State, 134 Ala. 36, 32 So. 670; White v. State, 133 Ala. 122, 32 So. 139.

Hereinabove we have decided all questions presented by the motion for new trial, with the exception of the included ground that the verdict was contrary to the evidence.

■ Our confidence in the soundness of our view that the judgment of the lower court should not be disturbed by this attack prompts us to forego setting out any reasons therefor. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala. App. 99, 1 So.2d 917; Peterson v. State, Ala.App., 27 So.2d 27.

The judgment of the primary court is ordered affirmed.

Affirmed.

## On Rehearing

CARR, Judge.

In our original opinion we held that written instruction numbered 8 was properly refused to the defendant. The charge is: "Now the defendant has offered evidence of his general reputation in the community where he lived or worked for peace and quiet. Such evidence is legal and is permitted by the Court to be introduced and go to the jury for your consideration, and I charge you that it is the duty of the jury to consider such evidence as shedding light on the issue in this case as to who was the aggressor in bringing about the difficulty."

On application for rehearing, counsel for appellant urges that we were in error here. We will extend the original opinion and treat this matter more elaborately.

Insistence is made that the accused was deprived of a substantial right in that the trial court did not charge the jury in any manner that good character for peace and quiet should be considered by it in determining who was the aggressor in relation to the defendant's claim that he was acting in self-defense.

It is not contended, neither is it a fact, that the lower court failed to charge the jury both orally and by written instructions that proof of good character may be considered along with the other evidence, and when so considered may raise in the mind of the jury a reasonable doubt of the guilt of the accused.

Apparently, able counsel is confusing the purport and significance of evidence of good character of the defendant for peace and quiet with the place in the evidence occupied by proof of the bloodthirsty character of the assaulted party or the deceased when self-defense is a factual issue. Green v. State, 143 Ala. 2, 39 So. 362.

In all criminal prosecutions the previous good character of the accused is admissible as original testimony, and along with it may be proven the character of the defendant as to traits which have reference and analogy to the nature of the crime for which he is being tried. Elmore v. State, 216 Ala. 247, 113 So. 33; Baugh v. State, 218 Ala. 87, 117 So. 426; Griffin et al. v. State, 26 Ala.App. 473, 162 So. 547; Mitchell v. State, 14 Ala.App. 46, 70 So. 991.

This procedure is authoritatively recognized and may be pursued even though the question of self-defense is in no manner involved in the case.

We revert to our original opinion in which we held that the charge in question pointed out and gave undue prominence to proof of general reputation for peace and quiet. Unquestionably, this is correct, since it directed the attention of the jury to the fact that it was its duty to "consider such evidence as shedding light on the issue in this case as to who was the aggressor in bringing about the difficulty."

The application for rehearing is overruled.

Opinion extended. Application overruled.