497 So.2d 231 (1986)
Terry Lynn MATHIS, alias
v.
STATE.
5 Div. 84.
Court of Criminal Appeals of Alabama.
September 9, 1986.
Rehearing Denied October 14, 1986.
*232 Charles R. Gillenwaters, Alexander City, for appellant.
Charles A. Graddick, Atty. Gen., and Cecil G. Brendle, Jr., Asst. Atty. Gen., for appellee.
TYSON, Judge.
Terry Lynn Mathis was indicted for assault in the second degree, in violation of § 13A-6-21, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." He was sentenced to five years' imprisonment, and the trial judge ordered a split sentence of three years in the county jail to be served on weekends and at night.
On the night of February 1, 1985, Johnny Pogue and Orion Reese, the victim in this case, went to the Dadeville Amoco station. When Pogue and Reese arrived, the appellant, Mathis, and some of his friends were there.
At some point, a fight ensued between the appellant and Pogue. During the course of the fight, the appellant, Mathis, stuck Pogue with his knife and Pogue threw a bottle at the appellant. As Pogue and the appellant continued fighting, Reese attempted to break up the fight and was cut by the appellant with his knife.
Reese went to the hospital and received stitches in his neck. He remained in the hospital overnight.
The appellant testified that he did not intend to cut Reese on the night in question, but he meant to cut Pogue.

I
The appellant contends the trial judge erred by instructing the jury on the doctrine of transferred intent. We do not agree.
The doctrine of transferred intent is applicable in prosecutions for assault and battery.[1] See generally, 6 Am.Jur.2d, Assault and Battery, § 18. "... [T]he guilt of an accused who, intending to injure one person, accidentally injures another, is to be determined as if the accused had injured his intended victim. Gilbert v. State, 20 Ala.App. 28, 100 So. 566; Lewis v. State, 22 Ala.App. 108, 113 So. 88." Bradberry v. State, 37 Ala.App. 327, 67 So.2d 561, 564 (1953). "Not only is intent transferred, but also the degree of the crime and any defenses that would be valid if the intended victim had been hit." Prosser, Transferred Intent, 45 Tex.L.Rev. 650, 653 (1967).
Furthermore, the doctrine of transferred intent is implicit in the language of the statute defining the offense for which the appellant was charged. Section 13A-6-21(a)(2), Code of Alabama 1975, states that,
"A person commits the crime of assault in the second degree if:

*233 With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument; ..."
Moreover, § 13A-2-5(b)(1), Code of Alabama 1975 provides that,
"A person is nevertheless criminally liable for causing a result if the only difference between what actually occurred and what he intended, contemplated or risked is that:
A different person or property was injured, harmed or affected; ..."
Evidence was presented at trial that the appellant unintentionally injured Reese while he was fighting with Pogue. The appellant's intention to injure Pogue can be inferred from his use of a deadly weapon (the knife), and the character of the assault. Free v. State, 455 So.2d 137 (Ala.Cr. App.), cert. denied, 455 So.2d 137 (Ala. 1984).
There was some evidence presented at trial that the appellant and Pogue were mutual combatants and that the appellant was not the initial aggressor. This evidence, however, does not render the doctrine of transferred intent inapplicable to the present set of facts. It does, though, allow the appellant to raise any defenses which would have been available to him if he had injured Pogue, his intended victim.
The trial judge properly instructed the jury on the doctrine of transferred intent.

II
The appellant challenges the sufficiency of the evidence on the grounds that the appellant intended to injure Reese. As we alluded in our discussion of Issue I, it was not necessary to prove the appellant had the intent to injure Reese. The State had to show that the appellant, with intent to cause physical injury to another person, caused physical injury to any person by means of a deadly weapon.
As we stated before, the appellant's intent to injure another person (i.e., Pogue) can be inferred by his use of the knife and the character of the assault in question.
Thus, the evidence clearly showed that the appellant while intending to cause physical injury to Pogue, caused physical injury to Reese (cut on the neck) by means of a deadly weapon (the knife). Thus, there was sufficient evidence presented by the State to sustain the appellant's conviction for assault in the second degree. See Baldwin v. State, 342 So.2d 940 (Ala.Cr. App.1977).

III
The following is an excerpt from the closing argument of defense counsel.
"MR. GILLENWATERS: Reasonable doubt is after considering all the evidence in the case, you have such a doubt in your mind as to cause you or any reasonable, prudent person to pause or hesitate before acting, a grave transaction in your own life, then you have such a doubt as the law contemplates.
"MR. TAMBLING: Objection, Judge.
"THE COURT: Okay. Mr. Gillenwaters, I'll charge the jury on the law. You can argue the facts. But don't undertake to just make an outright charge on the law. I'm not allowing you to go that far. That would be confusing for the jury to hear.
"MR. GILLENWATERS: I can explain what reasonable doubt is, can I not, Your Honor?
"THE COURT: You can argue the facts as pertains to reasonable doubt, yes, sir. But, when it comes to you standing before the jury with a written piece of paper reading them the law, I will not allow that. That's my prerogative, and they will listen to me as far as the law is concerned.
"MR. GILLENWATERS: I will take exception to that then, Your Honor.
"THE COURT: It's noted." (R. 164-165)
The appellant now asserts on appeal that the trial court erred to reversal by not allowing defense counsel to define reasonable doubt to the jury. We disagree.
"Counsel may argue law generally to the jury, subject to the control and guidance of *234 the trial court." Crowe v. State, 435 So.2d 1371 (Ala.Cr.App.1983). The trial judge did not allow defense counsel to define "reasonable doubt" to the jury because he believed it would be confusing to the jury. "[A]rguments which tend to mislead or confuse the jury on the applicable law are improper." Wade v. State, 381 So.2d 1057, 1062 (Ala.Cr.App.), cert. denied, 381 So.2d 1062 (Ala.1980).
The trial judge, in his oral charge to the jury, thoroughly and properly defined "reasonable doubt" to the jury. Thus, the trial judge did not err by refusing to allow defense counsel to also define reasonable doubt to the jury.

IV
The appellant claims he was not allowed to impeach Pogue's credibility because the trial court would not allow him to ask Pogue if he had "ever been convicted of assault." (R. 26)
A party may impeach his opposing party's witness by proving his former conviction of a crime involving moral turpitude. C. Gamble, McElroy's Alabama Evidence, § 145.01(1) (3rd ed. 1977). "The most common manner of eliciting a witness's former conviction for a crime involving moral turpitude, as a means of impeaching his credibility, is to question him on cross-examination regarding such conviction." McElroy's, supra, at 145.01(15).
However, the crime of assault and battery has been held not to involve moral turpitude. McElroy's, supra, at 145.01(10); Hall v. State, 375 So.2d 536 (Ala.Cr.App. 1979). Thus, the trial judge correctly refused to allow defense counsel to ask Pogue if he had been convicted of assault.
Therefore, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs specially with opinion in which McMILLAN, J., joins.
BOWEN, Presiding Judge, concurring specially.
I concur in the result reached by the majority but disagree with the reasoning and language expressed in Issue I.
The majority is mistaken in its retention of the doctrine of transferred intent.
"Under the Criminal Code, there is no need for the anachronistic rule of `transferred intent' or `the law follows the bullet' and the like....
"The concept may serve a useful purpose in the tort field but has no proper place in criminal law. If defendant shoots at A and hits B instead, the intent is said to be `transferred' to the victimwhich is obviously only a fiction, or a legal conclusion to accomplish the desired result of liability. Prosser, Law of Torts 33 (2d ed. 1955). But in the field of crime this concept has the vice of being a misleading half-truth, often given as an improper reason for a correct result, but incapable of strict application. Perkins, Criminal Law and Procedure 451 (2d ed. 1972)." Commentary to Alabama Code 1975, § 13A-6-2.
The majority's statement that "the doctrine of transferred intent is implicit in the language of" § 13A-6-21(a)(2) defining assault in the first degree is in error. The language of the statute ("with intent to cause ... injury to another person, he causes ... injury to any person") removes the need for any resort to the transferred intent doctrine by imposing liability for such conduct.
Here, the trial court did not actually give a "transferred intent" charge under the common law definitions. The court only used the word "transferred" once and stated that "the burden is on the state to prove each and every element of the case, including the element of intent and in order for intent to be transferred, then the act itself would have had to correspond at the same time with the intent." Later, the court charged, in effect, that the state had to prove that the defendant injured the victim and that "in doing so acted with intent to cause physical injury to" another person.
*235 This charge, although subject to criticism because of its use of the word "transferred" in defining "intent", does not constitute reversible error.
NOTES
[1] However, the doctrine has no application to specific intent crimes such as our former offense of assault with intent to murder see Coleman v. State, 373 So.2d 1254 (Ala.Cr.App.1979), and our present offense of attempted murder, see Free v. State, 455 So.2d 137 (Ala.Cr.App.), cert. denied, 455 So.2d 137 (Ala.1984).