# Collier *v*. The State.

*Indictment for Manslaughter.*

1. *Manslaughter in first degree.*—Death caused by a blow intentionally stricken with an instrument calculated to produce death, unless shown to have been inflicted in self-defense, can never be less than manslaughter in the first degree.

2. *When a charge is not a reversible error.*—On the trial of one indicted for manslaughter, a charge that "mere words, no matter how abusive and insulting, never reduce homicide to manslaughter," although alien to the issue and unnecessary, is without injury to the accused, and will not work a reversal of the judgment of conviction.

3. *Charge; what erroneous.*—The giving of a charge at the request of the State, which pretermits all inquiry as to venue, is a reversible error.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

The appellant was indicted for manslaughter. Evidence was introduced on the trial tending to show, that Jim Bradford, the deceased, a few minutes before he was killed by the appellant, had used insulting and abusive language to the appellant's mother in his presence. Evidence was also offered tending to show that the defendant acted in self-defense. The court, at the request of the State, charged the jury as follows: "The court charges the jury, that mere words, no matter how abusive and insulting, never reduce homicide to manslaughter; and no words that Jim Bradford could have used to the defendant's mother, could have justified or excused, under the law, the defendant in shooting Jim Bradford with a pistol, or in taking his life." The court also gave to the jury, at the request of the

[Harman v. The State.]

State, a charge which authorized a conviction on a hypothetical state of facts, without reference to the venue in which the crime was committed. To the giving of these charges the appellant separately excepted. The jury returned a verdict of guilty, upon which the court rendered judgment; and from this judgment this appeal was taken.

—— ——, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

STONE, J.—Death caused by a blow intentionally stricken, with an instrument calculated to produce death, unless shown to have been inflicted in self-defense, can never be less than manslaughter in the first degree.—*McManus v. The State*, 36 Ala. 285; *Mitchell v. The State*, 60 Ala. 26. The indictment in this case charges only manslaughter in the first degree, and hence any inquiry into the ingredients of murder, save for the purpose of showing the difference between it and manslaughter, is alien to the issue formed in this case. The first clause of charge numbered 1, while correct as a principle of law, was probably unnecessary in this cause, but we are unable to perceive how it could have wrought any injury to the accused.

The second charge asked pretermits all inquiry as to venue. This, we suppose, was an oversight; but under a long and unbroken line of decisions in this court, that omission vitiates the charge.—*Bain v. The State*, 61 Ala. 75. The City Court erred in giving it.

Reversed and remanded. Let the accused remain in custody until discharged by due course of law.

