# Ben Smith v. The State.

## *Murder.*

[DECDED APRIL 19, 1906, 40 So. REP. 957.]

1. *Jury; Special Venire.*—Where a defendant is arraigned during the first week of the term, and his trial set for the next week, the special jurors drawn by the judge together with the jurors drawn and summoned for the second week, constitute the venire from which the jury is to be selected. (§ 5005, Code 1896.)

2. *Criminal Law; Trial; Talesmen; Service on Defendant.*—In completing the jury for the week in which defendants' case was set for trial, some of the jurors drawn and summoned did not appear, and others were summoned in their stead: Held, such names should not be placed upon the copy of the venire to be served on defendant.

3 *Jury; Venire; Motion to Quash; Time.*—A motion to quash the venire because of a mistake in the name of a juror, made after several names had been called and agreed upon as jurors, came too late.

4. *Same; Grounds of Motion.*—Motion to quash venire because name of B. W. C. Jr., was drawn and name of juror was B. W. C., was properly overruled. (§ 5007, Code 1896.)

5. *Homicide; Dying Declarations; Predicate.*—Deceased, after he was wounded, said to witness, "John, I am killed," and frequently said he was going to die; Held, sufficient predicate for the admission of dying declarations, although same witness stated that the evening before deceased died he seemed to be doing very well.

6. *Criminal Law; Evidence; Intent.*—It is not permissible to allow a witness, although the defendant, to state why and for what purpose he had the pistol with which he shot deceased. A witness may not testify to his secret and uncommunicated motives.

2

7. *Homicide; Cause of Death; Instruction.*—A charge requiring an acquittal of defendant, if the jury believe deceased's death was produced by the improper use of sleeping tablets is properly refused.

8. *Same; Self Defense.*—Charges of self-defense, which ignore freedom from fault in bringing on difficulty; or are not hypothesized upon a present impending necessity to take the life of deceased, are faulty and properly refused.

9 *Same; Degrees.*—Where there is evidence from which the jury would be authorized to convict defendant of murder, a request for an instruction that the jury could not convict defendant of murder in either degree, was properly refused.

10. *Crminal Law; Instructions.*—Instructions misleading in tendency merely, are not reversible errors, and the other party is put to asking instructions explanatory thereof.

APPEAL from Bibb Circuit Court.

Heard before the Hon. B. M. MILLER.

The defendant was indicted and tried for killing Ovid Rollins. C. J. McCary, testifying for the state, said: "I was with Ovid Rollins after he was wounded. I went over to the place where he was shot and saw him. He looked at me and said, 'John, I am killed.' He told me he was going to die frequently after he was shot, and asked me to take care of his family. The evening before Rollins died that night, he told me he was going to die, but seemed to be getting along very well. The deceased from the beginning always insisted and continually stated that he would die from the wound." Whereupon the state propounded the following question "What did Rollins say to you, if anything, as to the difficulty between defendant and himself?" The defendant objected to this question because it called for a dying declaration and no sufficient predicate had been laid, and because the evidence was incompetent and illegal. The court permitted the question to be asked, and the witness answered, stating what was said to him by the deceased, and the defendant moved to exclude the answer of the witness for the same reason stated in the objection to the question.

The defendant requested the following written charges, which the court refused: Charge 1: "I charge you that if you clearly believe, from the evidence, that the death of Ovid Rollins was produced by the improper use of the

sleeping tablets, then you cannot find the defendant guil-́ ty, but it will be your duty to acquit him." Charge 2: "I charge you that if you believe, from the evidence, that the deceased commenced the difficulty by calling the defendant a damn liar, and getting his knife and going on to the defendant, and cut the defendant, and that the defendant backed away from deceased, and shot the deceased while the deceased was in the act of using the knife on defendant, then you must acquit the defendant." Charge 3. ' "The court charges the jury that, if they believe the evidence in the case, they cannot convict the defendant of murdr in either degree." Charge 5: "I charge you that if you believe, from the evidence, that the defendant was free from fault in bringing on the difficulty, and only shot to defend himself against the assault of Ovid Rollins, and that the defendant could not have retreated with safety, or could not retreat owing to the quickness or fierceness of the assault upon him, then you should acquit the defendant."

The state requested the court to give the following charges, which the court gave: Charge 1: "The court charges the jury that the expressions that the jury must find the defendant not guilty 'unless the evidence against him should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him,' and that 'the evidence for the state should be so convincing as to lead the minds of the jury to the conclusion that the accused cannot be guiltless,' are but strong expressions of the full measure of proof which the law exacts before it will sanction a conviction of a criminal offense, all of which only means that the jury must be convinced beyond a reasonable doubt." Charge 2: "The court charges the jury that the doubt which requires an acquittal must be actual and substantial, not mere possibility or speculation. It is not a mere possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt." Charge 3: "The court charges the jury that, if you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt, and it is your duty to convict the de-

fendant."¹ Charge 7.: "Homicide may be committed in the heat of passion suddenly aroused by a blow, and yet be done maliciously, and be murder in the second degree. Suddenly aroused passion and malice may coexist, and both cause the act. When this is the case, the homicide, otherwise indefensible murder, is not reduced to manslaughter by reason of the passion."

LOGAN and VANDE GRAFT, for appellant.—The motion made, before the defendant announced ready should have been granted.—*Ryan v. State,* 100 Ala. 105; §§ 5004 and 5005, Code 1896.

The second motion to quash the venire did not come too late, and should have been granted.—*Kimbrell v. State,* 130 Ala. 40; *Longmire v. State,* 130 Ala. 66.

The court erred in its action relative to juror Clifton.

Assignments two and three are not insisted upon, as the court, we think, properly ruled that sufficient predicate had been laid to prove dying declarations.

It was competent for the defendant to show that he had the pistol on that occasion by accident, and the court improperly sustained objection to the question seeking to elicit this evidence.

Charge 1, given for state, was involved and misleading. It could not be understood by the jury in its words. The giving was error. Charge 2 was properly given and is not insisted on as error. Charge 3 was error. It is not predicated upon the evidence.—*Mansfield v. Morgan,* 140 Ala. 567. Under it the jury had the right to convict the defendant upon what they might believe from any source.—*Bailey v. State,* 133 Ala. 155.

Charge 7 was misleading. Charge 9 is not insisted on as error. We think the court properly refused it to defendant.

Charge 2 requested by the defendant should have been given. Charge 3 for defendant was properly refused.

Charge 5, refused to the defendant, was a correct charge and its refusal error.

MASSEY WILSON, Attorney-General, and LAVENDER & THOMPSON, for State.—The motion to quash the venire

was properly overruled.—§§ 5273, 5005. The second motion to quash was properly overruled. The grounds for said motion were not good. Besides this motion came too late.—*Williams v. State,* 81 Ala. 1; 1 Mayfield p. 535.

The predicate was properly laid for the admission of dying declaration.—*McQueen v. State,* 94 Ala. 50; *Shell v. State,* 88 Ala. 14; 1 Mayfield 238. Charge 1 refused to defendant was clearly bad.—*Daughdrell v. State,* 113 Ala. 7.

Charge 2 invaded the province of the jury and does not correctly state the law of self defense.—1 Mayfield, 804; 806. Charge 3 was properly refused, *Turner v. State,* 97 Ala. 57. The refusal of charge 4 was innocuous as the defendant was acquitted of murder in the first degree. Charge 5 was faulty in that it fails to predicate the killing upon an impending necessity.—*Jackson v. State,* 77 Ala. 18; same 94 Ala. 90. Charges 1 and 2 given for the state correctly stated the law.—*Hornsby v. State,* 94 Ala. 59. Charge 7 was approved in the case of *Martin v. State,* 119 Ala. 1. Charge 3 was properly given.

DOWDELL, J.—When a capital case is set for trial on a day of the second or any subsequent week of the term of the court, the special jurors drawn, together with the regular jurors drawn and summoned for such week, constitute the special venire from which the jury for the trial of the case is to be selected. Code 1896, § 5005. A copy of such special venire is what the statute requires to be served on the defendant.—Code 1896, § 5273. This was done in the present case, and the trial court properly overruled the motion to quash the special venire. The names of persons not regularly drawn and summoned as jurors for the second week of the court, but who are called to complete the organization of the panels on account of the absence of the regular jurors who had been drawn and summoned, should not be placed on the list or copy to be served on the defendant.

The bill of exceptions recites: "After the court had commenced to impanel the jury for the trial of this cause, and three members of the jury had been selected and agreed on by the state and the defendant, the defendant

moved the court to quash the venire upon the following ground: 'For that the name of B. W. Clifton, Jr., was drawn as a special juror for the trial of this case by the presiding judge, and that name was not on the copy of the venire served upon the defendant, but the name of B. W. Clifton was on the said copy of the venire served instead.'" If there had been any merit in the motion if it had been seasonably made, in the present instance, it came too late.—*Williams v. State*, 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133. It was, however, at best, nothing more than a discrepancy in the name drawn and the name on the copy served on the defendant. Mistake in the name of the juror furnishes no cause for quashing the venire.—Code 1896, § 5007. The court properly overruled the motion to quash.

A sufficient predicate was laid to admit evidence as to the dying declarations of the deceased, and the court committed no error in its ruling on the admission of such evidence.

There was no error in sustaining the objection of the state to the question asked the defendant when testifying as a witness in his own behalf: "Why and for what purpose did you have the pistol with which you shot Ovid Rollins?" It is not permissible for a defendant to testify in his own behalf on direct examination as to his secret and uncommunicated purpose or intention.

On the principle laid down in *Daughdrill v. State*, 113 Ala. 7, 21 South. 378, and which has been followed in other cases since, charge 1, requested by the defendant, was properly refused.

Charge 2, refused to the defendant, failed to hypothesize freedom from fault on the part of the defendant in bringing on the difficulty, and for this reason, if for no other, was properly refused.

There was evidence from which the jury were authorized to find the defendant guilty of murder in the second degree, which in fact they did, and the court very properly refused charge 3, requested by the defendant.

Charge 5, requested by the defend: "; failed to hypothesize any present impending necessity to take the life of the deceased, and was otherwise faulty, and therefore

properly refused.—*Jackson v. State*, 94 Ala. 90, 10 South. 509; *Jackson v. State*, 77 Ala. 18.

Charges 1 and 2, given at the request of the state, were each approved in *Hornsby v. State*, 94 Ala. 59, 10 South. 522.

Charge 3, given for the state, when referred to the evidence, was a correct statement of the law. If the defendant supposed it had a misleading tendency, because it failed in terms to hypothesize the evidence in the case, he might have counteracted any such possible tendency by asking an explanatory charge.

Charge 7, given for the state, was approved in *Martin v. State*, 119 Ala. 1, 25 South. 255.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.