(118 So. 814)

## NICHOLSON v. STATE.  (2 Div. 413.)

Court of Appeals of Alabama.  Nov. 27, 1928.

Sam Lee Jones and B. M. Miller, both of Camden, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. The defendant was tried for the murder of one Eli Mack, alias Eli McPherson, and convicted of the offense of manslaughter in the first degree. He did not deny that he took the life of deceased, but relied upon self-defense, or rather the defense of his brother, for an acquittal. No questions are presented which we deem worthy of discussion, nor which were deemed worthy of discussion by the able and eminent counsel representing the defendant, in their brief filed on this appeal, other than some exceptions reserved to rulings of the trial court on the taking of testimony. All of these exceptions, as we read the record, involve this single question: Was it prejudicial error for the trial court to sustain the state's objections to questions put to a witness seeking to bring out testimony as to the "habit" of deceased of carrying a pistol, in the absence of testimony tending to show that defendant knew of this

habit? We do not think it was. The law on the subject seems to be summarized in the following excerpt from the opinion of the Supreme Court in the case of Sims v. State, 139 Ala. 74, 36 So. 138, 101 Am. St. Rep. 17:

"While it is true that in the cases of Cawley v. State, 133 Ala. 128 [32 So. 227]; Naugher v. State, 116 Ala. 463 [23 So. 26], and Wiley v. State, 99 Ala. 146 [13 So. 424], it was held that it was error not to allow the defendant to testify as tending to support his plea of self-defense that the deceased was in the habit of carrying a pistol, which fact was known to him, these cases do not go to the extent of supporting the contention that a witness other than defendant knew this fact, when such fact is not traced to defendant's knowledge. We are unwilling to extend the principle further than is declared in those cases. There was no error in the ruling on this point."

We do not think the provisions of the act of the Legislature of Alabama approved September 9, 1927 (Acts of Ala. 1927, p. 636), apply to the question here presented. There is nothing in the questions, objections by the state to which were sustained, which could have possibly informed the court of defendant's intention, if he had any such intention, to offer testimony tending to show that he had knowledge of the "habit" inquired about, on the part of the deceased.

We have considered every question presented, or apparent, and finding nowhere any prejudicial error, the judgment must be and is, affirmed.

Affirmed.