11 So.2d 471

**SMITH v. STATE.**

6 Div. 20.

Supreme Court of Alabama.

May 14, 1942.

Rehearing Denied June 30, 1942.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the petition.

Pennington & Tweedy, of Jasper, opposed.

BROWN, Justice.

The defendant was tried and convicted for the offense of murder in the second degree and his punishment fixed by the jury at ten years. From the judgment of conviction entered on the verdict he appealed to the Court of Appeals, where the judgment was reversed, because of the refusal of the trial court to instruct the jury as to the law governing manslaughter in the second degree. In the opinion of the court facts are stated thus:

"There was but slight, if any, dispute or conflict in the evidence in this case. Said evidence disclosed, in substance, that Smith and the deceased, Drake, had been good friends, but that unknown to the defendant, Drake had gotten mad at the defendant, who was at the time a member of the school board, because Drake's son had not been re-elected as a teacher in one of the community schools.

"The evidence further shows that as the defendant was walking along on the sidewalk in Haleyville, Drake motioned or called Smith to come over to him. Smith left the sidewalk and went to where Drake was. This testimony is undisputed. The evidence further shows that after a few words, Drake, the deceased man, struck the defendant over his eye, making a gash about one-half inch or one inch long, and that Drake drew back his arm again to strike the defendant when the defendant struck Drake one time with a knife, which hit Drake in the neck, and from which wound Drake died."

The defendant testified, in substance, as the opinion of the Court of Appeals shows, that he did not intend to kill the deceased; that he struck in defense of his person from the threatened further assault of the deceased.

On the basis of this evidence the Court of Appeals, applying the holding of that court in Sawyer v. State, 20 Ala.App. 504, 103 So. 309, that "when death is produced by an intentional blow, but without malice

or the intention to kill, if the blow was wrongful, this would be manslaughter in the second degree," reversed. The report of that case does not state what the indictment was for nor the facts, hence we are not called upon to approve or disapprove the holding in that case. However, conceding its soundness, as applicable to a killing where the blow was not struck with a deadly weapon, it is not applicable to the case in hand.

 It has long been the settled law of the state that where the evidence shows that the blow which produced death was with a deadly weapon intentionally aimed at the person slain, the homicide, if not excusable on the ground of self-defense, is either murder or manslaughter in the first degree. The law in respect to manslaughter in the second degree is not applicable in such case. Compton v. State, 110 Ala. 24, 20 So. 119; Collier v. State, 69 Ala. 247; Rice v. State, 20 Ala.App. 102, 101 So. 82.

An actual intent to take life is not an essential element of manslaughter in the first degree. The voluntary setting in motion or application of unlawful force, whereby death ensues, suffices to supply the legal element of evil intent, however free the action may be from actual purpose to kill. Lewis v. State, 96 Ala. 6, 11 So. 259, 38 Am.St.Rep. 75; Fowler v. State, 161 Ala. 1, 49 So. 788; Jones v. State, 13 Ala.App. 10, 68 So. 690.

On rehearing the Court of Appeals adhered to the holding in the original opinion that the court erroneously refused to charge on manslaughter in the second degree, and further held that refused charge "A" raised the point and should have been given. What we have said above disposes of charge "A". Refused charge 17 was properly refused as argumentative, and assumes that the defendant did not enter into the fight willingly, and was free from fault. Charges 25, 26 and 27, refused to defendant, on principles above stated, were abstract and were refused without error.

The writ of certiorari is granted, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceeding not inconsistent with this opinion.

Writ granted; reversed and remanded.

All Justices concur, except KNIGHT, J., not sitting.

## On Rehearing.

BROWN, Justice.

In Chaney v. State, 178 Ala. 44, 59 So. 604, cited to support appellant's contention that the court erred in refusing his requested written charge 17, in passing on similar charges it was observed: "The defendant was in his place of business, and did not have to retreat. Nor did the charge have to hypothesize freedom from fault in bringing on the difficulty, as the undisputed evidence showed that the defendant did nothing to provoke the deceased before shooting. The only issue or conflict in the evidence was whether or not the deceased was making an effort to strike the defendant with the ball before the defendant shot, and which said fact was hypothesized in charges 14 and 16, refused the defendant. These charges are practically the same as charge 7, held good upon former appeal in this case, and they should have been given." 178 Ala. at pages 48, 49, 59 So. at page 606.

The situation in the case at bar is quite different. The difficulty occurred in a place where the defendant was not relieved of the duty of retreating if he could do so without increasing his peril. Said charge 17 ignored this duty, and did not hypothesize defendant's freedom from fault.

Application for rehearing overruled.

All Justices concur, except KNIGHT, J., not sitting.