39 So.2d 37

## WILLIAMS v. STATE.

6 Div. 763.

Supreme Court of Alabama.

Oct. 21, 1948.

Rehearing Denied Dec. 2, 1948.

398

Jas. A. McCollum, of Tuscaloosa, opposed.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the petition.

STAKELY, Justice.

The sole question presented to this court on petition for certiorari is whether under the evidence, as found by the Court of Appeals, the trial court should have charged on manslaughter in the sec-

**399**

ond degree. Involuntary manslaughter or manslaughter in the second degree "is where it plainly appears that neither death nor great bodily harm was intended, but death is accidentally caused by some unlaw act, or an act strictly lawful in itself, but done in an unlawful manner, and without due caution." Williams v. State, 83 Ala. 16, 3 So. 616, 617; § 320, Title 14, Code of 1940.

It is true that "it is much the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree." Pierson v. State, 99 Ala. 148, 13 So. 550, 552. In accordance with this rule, however, where it clearly appears from the evidence that defendant was either guilty of murder or voluntary manslaughter or innocent, and there is no evidence which tends to show that the killing was unintentional or accidental, neither involuntary manslaughter nor negligent homicide is involved and an instruction thereon is not necessary or proper. Ware v. State, 147 Ala. 699, 41 So. 181; Ragsdale v. State, 134 Ala. 24, 32 So. 674; Houston v. State, 208 Ala. 660, 95 So. 145.

According to the opinion of the Court of Appeals in the present proceeding, we must look to the statement of the Court of Appeals on the first appeal in order to ascertain the facts as determined by the Court of Appeals. Williams v. State, 32 Ala.App. 597, 28 So.2d 731. According to the Court of Appeals the evidence with reference to the killing is entirely circumstantial. The defense, according to the Court of Appeals, "consisted of testimony which if believed would establish an alibi for the defendant at the time of the murder of the deceased." According to the Court of Appeals, the body of a Negro man named John Plummer was discovered on August 14, 1944 in the woods in Fayette County. The back of his head had been crushed in and the body was lying face down with the face imbedded in the dirt. A large stone with blood stains thereon and a broken rifle were found in the vicinity of the body. When discovered the man was dead. The rifle was the rifle which had been borrowed by John Plummer.

In the case of Sylvester v. The State, 72 Ala. 201, this court said:

"The law infers from the use of a deadly weapon an intent to kill, or to do grievous bodily harm, because the man must be taken to intend the necessary and usual consequences of his act. And if the circumstances do not show excuse, or justification, or immediate provocation, the presumption of malice is drawn conclusively. * * *

" * * * A deadly weapon is one, not, as asserted in the instruction a blow from which would ordinarily produce death, but one from which, as it was used, death would probably result. And an instrument or weapon used in inflicting injuries upon the person of another may or not be esteemed deadly, according to the manner of its use, and the subject on which it is used. And in determining, as matter of reason, whether the use of it imports malice, the actual effects produced by it are to be considered. * * *."

In other words, a deadly weapon is not only a weapon with which death may be easily and readily produced but one which is likely to produce death or great bodily harm from the manner in which it is used. Williams v. State, supra; 29 C.J. page 1101; 40 C.J.S., Homicide, § 25.

In the case at bar the back of the head of the deceased was bashed in with such force as to crush the skull, imbed the face in the dirt and result in death. A large stone with blood on it was lying near. We think that the jury would not be justified in finding that the large stone or whatever other instrument may have been employed, was not used in such a manner as to constitute it a deadly weapon. It is inconceivable that there could have been no intention to kill or do great bodily harm when such force was used as to crush the back of the head and drive the face down so as to imbed it in the dirt. The broken gun which the deceased had borrowed was also lying near. A struggle could be inferred. But this would not mean that under the circumstances an unintentional homicide could be inferred, but on the contrary that the homicide was either

intentional or done in self defense or for other justification. Where this is the situation, a charge on manslaughter in the second degree is not required and is not appropriate.

■ "Death caused by blow intentionally stricken, with an instrument calculated to produce death, unless shown to have been inflicted in self defense, can never be less than manslaughter in the first degree." Collier v. State, 69 Ala. 247.

■ "It has long been the settled law of the state that where the evidence shows that the blow which produced death was with a deadly weapon intentionally aimed at the person slain, the homicide, if not excusable on the ground of self-defense, is either murder or manslaughter in the first degree. The law in respect to manslaughter in the second degree is not applicable in such case. * * *." Smith v. State, 243 Ala. 254, 11 So.2d 471, 472. See also Jones v. State, 13 Ala.App. 10, 68 So. 690; Benson v. Commonwealth, 290 Ky. 713, 162 S.W.2d 538.

We conclude that the trial court was not in error for failure to give the required instruction on manslaughter in the second degree. But we note from the opinion of the Court of Appeals that there are numerous other questions presented by the record to which no response has been made. Accordingly the judgment of the Court of Appeals is reversed and remanded to that court for such further orders, not inconsistent herewith, as it may deem proper.

Reversed and remanded to the Court of Appeals.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.