94 So.2d 225

Burnes BRADLEY

v.

STATE of Alabama.

3 Div. 7.

Court of Appeals of Alabama.

April 2, 1957.

Horne & Webb, Atmore, for appellant.

John Patterson, Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been found guilty of manslaughter in the first degree under an

indictment charging him with that degree of homicide.

His motion for a new trial being overruled, he has perfected his appeal to this court.

The evidence presented by the State tends to show that a collision between a car driven by appellant, and one driven by Mr. Joseph Harrelson, occurred on U. S. Highway 31 in Escambia County at a point known locally as "Bald Hill." Mrs. Joseph M. Harrelson was killed in the collision.

The Harrelson car was travelling north on the highway.

A tractor pulling a wagon, and travelling about 15 miles per hour, was going in a southerly direction on the highway. The tractor and wagon were followed by a Cadillac automobile, and then the appellant's automobile.

The tractor was either pulling off the highway, or already had done so at the time of the collision. The driver of the tractor testified he was some 45 feet off the highway at the time of the collision.

At the point of impact of the two cars visibility toward the south is only about 100 feet, because of the hill. Toward the north the road is straight for a long distance.

The driver of the Cadillac pulled around the tractor and passed Mr. Harrelson. The appellant's car followed the Cadillac, but crashed head on into the Harrelson car.

Marks showed, in reference to appellant's car, that it was completely over in the left lane at the time of the collision.

From skid marks, and other physical data, observed at the scene, a State Highway Patrolman testified, without objection, that in his judgment each car was travelling at a rate of 45 to 50 miles per hour at the time of the collision.

A yellow no passing line extended some 331 steps north from the point of impact, the direction from which appellant approached.

After proper predicate was laid and after a voir dire examination of the appellant, the court permitted Highway Patrolman Baldwin to testify that when he interviewed the appellant at the scene of the accident shortly after its occurrence, the appellant told him that another man, who was the sole passenger in appellant's car, was the driver at the time of the collision.

In his own behalf the appellant testified that he saw the Cadillac car in front of him flash its tail light, and sort of "do like that," that he applied his brakes, and "from then on I don't know what happened."

The evidence depicts a common situation of an automobile driver, without sufficient visibility ahead, swinging into the opposite lane of a highway, in a no passing zone, in an attempt to pass a preceding vehicle, and crashing head on into an approaching vehicle from the opposite direction.

█ If one intentionally does an act calculated to take life, and another's death is caused, the homicide is manslaughter in the first degree. Lewis v. State, 96 Ala. 6, 11 So. 259; Smith v. State, 243 Ala. 254, 11 So.2d 471.

█ A wanton killing, that is a killing resulting from acts evidencing a reckless indifference to consequences, or to the safety of others, is within the definition of, and may constitute, manslaughter in the first degree. Head v. State, 35 Ala.App. 71, 44 So.2d 441.

█ Under the above legal principles, and the undisputed facts of this case, it was, we think, clearly within the province of the jury to find that this appellant's conduct resulting in Mrs. Harrelson's death, constituted manslaughter in the first degree.

Those written charges refused appellant were refused without error inasmuch as they were either covered by the oral charge of the court, or other charges given at appellant's request, or were misleading, or sought to enunciate faulty legal principles.

Affirmed.