114 So.2d 290

**Algie BAKER, Jr.**

v.

**STATE.**

**5 Div. 550.**

Court of Appeals of Alabama.

Jan. 13, 1959.

Rehearing Denied April 7, 1959.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

Walker & Walker, Opelika, for appellant.

PRICE, Judge.

The indictment charged murder in the first degree. The verdict was for man-

slaughter in the first degree. Punishment was fixed at imprisoment in the penitentiary for ten years. Defendant's plea was self-defense.

The homicide occurred in the yard at the home of one Richardson. The testimony of the State's witnesses tended to prove that defendant called deceased, Albert Watson, to his truck and shot him with a pistol.

The testimony for defendant is summarized in counsel's brief as follows: "While the defendant was in his truck with the motor running, preparatory to leaving on account of a warning received from his brother, the deceased, Albert Watson, snatched the door of the truck open, without provocation, hit the defendant with his fists and knocked the defendant over on the front seat of the truck, told the defendant that he was going to kill him, and hit the defendant again. While Albert Watson (the deceased) had the defendant down on the seat of the truck and while Albert Watson was beating the defendant over the mouth and face, and while Theotis Richardson, brother-in-law of the deceased, also was beating the defendant, the defendant reached for a pistol which was under the seat of the truck and shot the deceased twice."

It is insisted that under the evidence offered by the State the defendant could have been guilty only of murder, and under the defendant's evidence he was clearly not guilty under his plea of self-defense, therefore, the verdict of manslaughter in the first degree was a compromise verdict, not sustained by the evidence for the State or defendant, and that the court erred in refusing requested charge 4, which reads:

"The court charges the jury that, if you believe the evidence in this case, you cannot find the defendant guilty of manslaughter in the first degree."

In Houlton v. State, 254 Ala. 1, 48 So.2d 7, 8, the court said:

"Furthermore, it is the law of this state that under an indictment charging murder in the first degree, an accused may be found guilty of any of the lesser offenses included therein, such finding being within the province and discretion of the jury hearing the case." See also 11 Ala.Dig., Homicide, ☞282, for numerous citations.

In Smith v. State, 243 Ala. 254, 11 So. 2d 471, 472, it was observed:

"It has long been the settled law of the state that where the evidence shows that the blow which produced death was with a deadly weapon intentionally aimed at the person slain, the homicide, if not excusable on the ground of self-defense, is either murder or manslaughter in the first degree." See also Williams v. State, 251 Ala. 397, 39 So.2d 37.

The questions presented by the conflicting evidence were for the jury and there was no error in the refusal of charge 4. Favors v. State, 32 Ala.App. 139, 22 So.2d 914; Douglass v. State, 257 Ala. 269, 58 So.2d 608.

■ Clearly the evidence was sufficient, if believed by the jury, to sustain a verdict of manslaughter in the first degree.

■ Charge No. 7, refused to defendant, reads:

"The court charges the jury that, if the evidence of self defense in this case generates in your minds a reasonable doubt of the defendant's guilt, then it is your duty to acquit him."

In brief counsel relies on Perry v. State, 211 Ala. 458, 100 So. 842, 843, as authority for the correctness of this proposition of law. In that case the court had before it the question of the burden of proof where self-defense is claimed. The trial court charged the jury "that the burden rested upon defendant to prove to the reasonable satisfaction of the jury the necessity for taking the life of deceased, and that there was no reasonable avenue of escape." The Supreme Court said that the lower court placed too great a burden upon the defendant, "that he met the requirements of

244

the law if his evidence created a reasonable doubt as to whether he acted in self-defense."

Evidently charge 7 is taken from the language of the court in the Perry case, supra.

 "The mere fact that a tendered written instruction is copied from an opinion of an appellate court does not assure its acceptability. Britling Cafeteria Company v. Irwin, 229 Ala. 687, 159 So. 228; Maxwell v. State, 32 Ala.App. 487, 27 So. 2d 804." Holloway v. State, 37 Ala.App. 96, 64 So.2d 115, 120.

In McGhee v. State, 178 Ala. 4, 59 So. 573, 576, this rule is stated:

"If * * * there is a reasonable doubt, from all the evidence, as to the defendant's guilt, whether arising from self-defense or any other material fact in the case, the defendant is entitled to an acquittal."

The charge in question refers to only a part of the evidence, not considered in connection with the other evidence in the case, and was properly refused as invading the jury's province.

Moreover, the legal principles of self-defense and reasonable doubt were fully and fairly covered in the court's oral charge.

 The "decision of a trial court, refusing to grant a motion for a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738; * * *". Bowen v. State, 32 Ala.App. 357, 26 So.2d 205, 206. Based upon the testimony here, we would not be justified in disturbing the ruling of the trial court on the motion for a new trial.

The judgment of the trial court is due to be and is affirmed.

Affirmed.