272 So.2d 279

**Clinton TOLEN**

v.

**STATE.**

**5 Div. 98.**

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Rehearing Denied Dec. 12, 1972.

**354**

Maye & Melton, Opelika, for appellant.

William J. Baxley, Atty. Gen. and Richard F. Calhoun, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was charged with murder in the second degree, convicted of man-slaughter in the first degree, and sentenced to ten years imprisonment. From this judgment he appeals.

From the evidence it appears that in Opelika on the evening of November 5, 1970, a card game was in progress at the home of the deceased, Sarah Ingram. Engaged in the game and otherwise in attendance as visitors were twelve or more persons. Clinton Tolen and Charlie Lee Mason along with the deceased, Sarah Ingram, and several others were engaged in the card game sitting around a table when a dispute arose between Tolen and Mason over a bet. Mason took some money from the table which was claimed by Tolen and after a short argument each produced a pistol and started firing at the other. It appears that Tolen fired the first shot. At about this time Sarah Ingram intervened between the two in an apparent attempt to keep down trouble and was shot in the left side of her head receiving a wound from which she died. It further appears that her left side was the side near Tolen rather than Mason. It further appears that the gun used by Tolen was a .32 caliber pistol and that the wound was inflicted by a bullet fired from a gun of that caliber. There was much evidence offered by the State and the defendant in which the details of the affray were thoroughly examined but the above brief statement will serve as a basis for some of the rulings of the court claimed to be erroneous by the appellant. The appellant reserved several exceptions to the oral charge of the court.

The exceptions, in the language of the appellant's attorney as reserved by him are:

"1. The use of a deadly weapon raises a presumption of malice.

"2. The intent does not necessarily mean to take life in the second degree.

"3. The attempt to deliberately and premeditatedly kill one person whereby a

third person is killed means that the defendant is guilty of murder.

"4. The inadvertent shooting of one while shooting at another person makes the defendant guilty of the same degree of homicide as if he killed the person he intended to shoot."

The exceptions, although not in the exact language used by the court, substantially set out the statements in the oral charge to which the appellant intended to except.

■ *Exception 1.* The actual words of the court referred to in the first exception were, "the intentional and unjustifiable use of a deadly weapon in a deadly manner raises a presumption of malice, and the presumption prevails unless the circumstances incident to the killing rebut the presumption; overcome that presumption." This was a correct statement of the law. Warren v. State, 34 Ala.App. 447, 41 So.2d 201. See many cases directed to this point cited in Alabama Digest, Homicide, Volume 4, ☞146.

■ *Exception 2.* The conviction was for manslaughter in the first degree and not murder. Thus, there is no error in the language of the court in the oral charge as this exception has become abstract in that it did not deal with the degree of homicide of which the appellant was convicted.

■ *Exceptions 3 and 4.* These exceptions deal with the same principle and may be considered together. As stated above, Exception 3 is directed to the offense of murder and in addition to the killing of a third party rather than the person sought to be killed. It is therefore abstract under the verdict reached by the jury. Exception 4 sets out a principle which was explained to the jury more than once by the court in its oral charge. In Harris v. State, 46 Ala.App. 189, 239 So.2d 331, this court stated:

"If a person, shooting at another, kills a third person, his guilt is the same as if

he had killed the person for whom the shot was intended. Gettings v. State, 32 Ala.App. 644, 29 So.2d 677."

This principle is recognized in many cases collected in Alabama Digest, Homicide, Vol. 11, ☞17. In our opinion no error was committed in the oral charge in any of the exceptions set out above.

The court refused requested written charges Nos. 1 and 2 for the defendant. Charge No. 1 was affirmative in nature and was properly refused. Charge No. 2 was properly refused. The court in its order overruling the motion for a new trial filed by appellant cites the cases of Lanier v. State, 43 Ala.App. 38, 179 So.2d 167; Collier v. State, 69 Ala. 247; and Smith v. State, 243 Ala. 254, 11 So.2d 471, 472, as authorities for the refusal of this charge. Under the aforementioned authorities there was no error in the refusal of said Charge No. 2.

■ The appellant further argues for error in the court's ruling refusing to allow appellant to explain why he had the gun on the occasion of the killing and what his purpose was in bringing the gun there. A defendant may not say why he took the gun to the scene of the homicide and why and for what purpose he shot. Smith v. State, 145 Ala. 17, 40 So. 957. The Law of Evidence in Alabama, J. Russell McElroy, Vol. 1, Page 252, § 102, 07(1). These cases are in line with the general rule that the undisclosed intention of a witness may not be testified to by him. There are exceptions to the rule but they are not applicable here.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended. His opinion is hereby adopted as that of the Court.

We have responded to the argument of the appellant in brief and have examined the record carefully in a search for error

as required by the statute. Finding no error of a reversible nature, the judgment in this cause is due to be and is

Affirmed.

All the Judges concur.