TYSON, Judge.
The appellant was indicted for the second degree murder of Alvin M. Caden-head, “by stabbing him with a knife.” The jury found the appellant guilty of manslaughter in the first degree and' the trial court pronounced judgment setting sentence at three years imprisonment. Prior to trial the appellant had requested Youthful Offender Treatment and following a hearing and explanation of appellant’s rights, this was denied.
This cause arose from a homicide which occurred on June 21, 1975, at the Polka Inn on Alabama Highway 14 in Lee County, Alabama. The State’s evidence established that the appellant and the deceased were in the Polka Inn, that the appellant was seated when the deceased Alvin M. Cadenhead came over to the table and took a sip of wine from a bottle which belonged to the appellant. The appellant told the deceased, “Don’t be drinking out of the wine. If you want some, ask for some.” The appellant then got up and went to another part of the club near the bar. A few minutes later the appellant came back near the table and a fight ensued. The appellant was much smaller than the deceased and appellant without dispute asked one Barbara Lockhart for a fingernail file, but instead she gave the appellant a knife. The tenor of the State’s evidence is to the effect that the two men began “swinging at each other, the appellant with knife in hand was cutting at or stabbing at the deceased.” The employees at the Polka Inn stopped the affray and escorted the two men outside. The deceased lay on a bench outside the club and the appellant remained there until the deceased was carried to the hospital where he died en route.
The cause of death was determined to be hemorrhage and shock as a result of a stab wound to the right groin. The knife used by the appellant was placed in evidence and there was evidence of other stab wounds on the person of the deceased.
The appellant contended that he was acting in self defense because of the relative size of the parties, 130 pounds versus 200 odd pounds.
I
Appellant contends the trial court committed error in its ruling on Record Page 130-131, when the trial court refused to allow appellant to testify in response to the question, “Do you know of your own knowledge whether or not the deceased, Alvin Cadenhead, usually carried a knife prior to June 21 ?” The trial court at this point permitted voir dire by the District Attorney which showed that “on one Saturday night the appellant had seen the deceased with a knife.” Since this is the only evidence offered as to the appellant’s alleged knowledge of whether or not the deceased was armed, we cannot say that error here occurred. There simply was insufficient proof presented as to the alleged habit of the deceased for carrying a weapon. Jackson v. State, 147 Ala. 699, 41 So. 178. The trial court’s ruling in this respect is fully supported by the cases. Nicholson v. State, 22 Ala.App. 635, 118 So. 814; Frasier v. State, 48 Ala.App. 210, 263 So.2d 511, cert. denied, 288 Ala. 743, 263 So.2d 516.
*820 II
Appellant next contends the trial court erred in not charging the jury on the elements of involuntary or second degree manslaughter. We believe the law in this respect to be well set forth in the opinion of Mr. Justice Stakely in Williams v. State, 251 Ala. 397, 39 So.2d 37, wherein he quoted with approval from Smith v. State, 243 Ala. 254, 11 So.2d 471, as follows :
“ ‘It has long been the settled law of the state that where the evidence shows that the blow which produced death was with a deadly weapon intentionally aimed at the person slain, the homicide, if not excusable on the gound of self-defense, is either murder or manslaughter in the first degree. The law in respect to manslaughter in the second degree is not applicable in such case.’ ”
Further from Smith v. State, supra:
“An actual intent to take life is not an essential element of manslaughter in the first degree. The voluntary setting in motion or application of unlawful force, whereby death ensues, suffices to supply the legal element of evil intent, however free the action may be from actual purpose to kill.”
We are clear to the conclusion that under the evidence in this cause the trial court here properly declined to charge on manslaughter in the second degree. Title 14, Section 320, Code of Alabama 1940. King v. State, 48 Ala.App. 154, 262 So.2d 764, cert. denied 288 Ala. 744, 262 So.2d 767, cert. denied 409 U.S. 986, 93 S.Ct. 339, 34 L.Ed.2d 252.
III
We have carefully examined the trial court’s oral charge including its charge on self-defense and the seven given written charges which were requested by the appellant. As to the refused written charges, we have examined each of these, and find that they were either covered by the trial court’s oral charge or the given charges, or were abstract, or were affirmative in nature under the evidence in this case, or incorrect principles of law, hence, their refusals were proper. Title 7, Section 273, Code of Alabama 1940.
The judgment of the trial court is due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.