I concur in the scholarly main opinion. I write specially only to add some supporting observations.
The undisputed facts are that the defendant, intending and trying to shoot his adversary Carlos Ivey to death, missed Ivey and wounded a bystander, Jerome Fails. Because the attempted-murder indictment against the defendant untruly alleged that the defendant intended to kill the bystander Fails and the State proved only that the defendant intended to kill his adversary Ivey, the State failed in its proof of the intent element alleged in the indictment. Therefore, the Court of Criminal Appeals necessarily reversed the defendant's attempted-murder conviction. Cockrell v. State, 890 So.2d 168
(Ala.Crim.App. 2003).
On certiorari review before us, the State urges an analogy between the attempted-murder statute, § 13A-4-2(a), Ala. Code 1975, and the murder statute, § 13A-6-2(a)(1), Ala. Code 1975, but the State misconstrues the murder statute in an invalid effort to establish that the State did not need to prove the allegations of its indictment. The murder statute, as it would apply to this case had either the intended victim or the unintended victim suffered a fatal wound, reads:
 "A person [the defendant Cockrell] commits the crime of murder if[,][w]ith intent to cause the death of another person [the adversary Ivey], he [the defendant Cockrell] causes the death of that person [the adversary Ivey] or of another person [the bystander Fails]."
§ 13A-6-2(a)(1). No provision of this statute relieves the State of its burden to prove the allegations of its indictment. Rather, this statute contemplates that, if the bullet were to have killed either the defendant's adversary Ivey or the bystander Fails, and if the State were accurately to allege the defendant's intent — his intent to kill his adversary Ivey — and if the State were to prove that allegation, as the State could since the allegation would be true, then the State would be entitled to a murder
conviction for whichever death the bullet caused. The statute does not contemplate that the State could inaccurately allege an intent to kill the bystander Fails, prove only the intent to kill the adversary Ivey, and still obtain a valid conviction.
If the requirements for pleading and proof were so lax, the State could obtain one murder conviction by alleging the wrong intent but proving the correct, different intent and then, later, could obtain a second murder conviction for the same death by alleging and proving the correct intent, without violating the defendant's guarantee against double jeopardy under theBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932), test, since the element of intent as alleged in the second indictment would be different *Page 183 
from the element of intent as alleged in the first indictment. Such laxity in pleading and proof would violate the long-established fundamental policies for specificity in indictments:
 "The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.
 "An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record."
Summers v. State, 348 So.2d 1126, 1132 (Ala.Crim.App. 1977).
The doctrine of transferred intent does not change one specific intent into another. Simpson v. State, 59 Ala. 1, 12 (1877). The doctrine provides only that one specific intent supplies the mens rea to justify criminal liability for an unintended result.Childress v. State, 344 So.2d 799 (Ala.Crim.App. 1977); Tolenv. State, 49 Ala.App. 353, 272 So.2d 279 (1972); Harris v.State, 46 Ala.App. 189, 239 So.2d 331 (1970); Gettings v.State, 32 Ala.App. 644, 29 So.2d 677 (1947). That is, the doctrine of transferred intent does not transform intent to kill A into intent to kill B, Simpson, supra, but only deems intent to kill A sufficient mens rea to justify murder liability for killing B, Childress, Tolen, Harris, and Gettings. Thus, the doctrine will not relieve the State of the necessity to prove whatever intent the State has alleged in the indictment.
Because the doctrine of transferred intent serves only to supply the mens rea necessary to punish a result, see Childress,Tolen, Harris, and Gettings, supra, it does not apply to the offense of attempt, Simpson, supra, which does not require any result, as the main opinion correctly observes. Indeed, as already explained, even when the doctrine of transferred intent does apply, it does not change the intent proved by the State.
In the case now before us, the State failed to prove its allegation that the defendant "attempted to intentionally causethe death of another person, JEROME FAILS." (Capitalization original; emphasis added.) The State proved only an intent not alleged, that the defendant intended to cause the death of his adversary Ivey. The doctrine of transferred intent did not change this proof of intent to kill Ivey into proof of intent to kill Fails as alleged in the indictment.
Our precedents are unmistakable — the State must prove the intent alleged in the indictment in order to obtain a valid conviction for attempted murder. Simpson, supra, Free v. State,455 So.2d 137 (Ala.Crim.App. 1984), Free v. State,495 So.2d 1147 (Ala.Crim.App. 1986). Therefore, the Court of Criminal Appeals was correct in reversing the defendant's conviction,Cockrell v. State, supra, and the main opinion is correct in affirming the judgment of the Court of Criminal Appeals.