KELLUM, Judge,
concurring in part and dissenting in part.
I concur with Parts I and III of the majority opinion. However, I dissent from Part II of the opinion because I believe that Paudriciquez Martez Fuller was entitled to a jury instruction on heat-of-passion (provocation) manslaughter as a less *1221 er-included offense of the capital-murder charge and that the trial court’s failure to so instruct constituted reversible error.
“The ‘safer’ practice is to charge upon all degrees of homicide: ‘(I)t is much the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.’ Pierson v. State, 99 Ala. 148, 153, 13 So. 550 (1892), approved in Williams v. State, 251 Ala. 397, 399, 39 So.2d 37 (1948).”
Phelps v. State, 435 So.2d 158, 163 (Ala.Crim.App.1983). In determining whether an accused is entitled to a jury instruction on a lesser-included offense, this Court must view the evidence in the light most favorable to the accused. See Ex parte McGriff, 908 So.2d 1024 (Ala.2004). “The mere appearance of an imminent assault may be sufficient'to constitute legal provocation to support heat-of-passion manslaughter.” Harris v. State, 683 So.2d 26, 28 (Ala.Crim.App.1996). “‘To constitute adequate legal provocation, it must be of a nature calculated to influence the passions of the . ordinary reasonable man.’ ” Id. (quoting Biggs v. State, 441 So.2d 989, 992 (Ala.Crim.App.1983)).
Contrary to the majority’s conclusion, the fact that Fuller testified that he fired the shots to protect his “family,” who he believed was in danger, does not preclude a jury instruction on heat-of-passion manslaughter. “[S]elf-defense and provocation manslaughter are not mutually exclusive concepts.” Lane v. State, 38 So.3d 126, 130 (Ala.Crim.App.2009). Indeed, heat-of-passion manslaughter “ ‘is designed to cover those situations where the jury does not believe a defendant is guilty-of murder but also does not believe the killing was totally justified by self-defense.’ ” Williams v. State, 675 So.2d 537, 541 (Ala.Crim.App.1996).
In McDowell v. State, 740 So.2d 465 (Ala.Crim.App.1998), we said:
“In denying McDowell’s requested charges on manslaughter, the trial court stated that becausé McDowell had testified that his purpose in returning to the scene was to effect a reconciliation, it would be improper to. instruct the-jury on heat-of-passion manslaughter because ■McDowell was not ‘in such a blind fury that he acted regardless of the admonition of the law, in other words, that he was beside himself with fury in the shooting.’ The trial court failed to recognize that passion" encompasses more than the single emotion of fury or rage. Black’s Law Dictionary 1124 "(6th ed.1990) defines passion as it relates to manslaughter as ‘any of the emotions of the mind known as rage, anger, hatred, furious resentment," or terror, rendering the mind incapable of cool reflection.’ J. Miller, Handbook of Criminal' Law § "92(d) (1934), states: ‘Although the passion of manslaughter ‘ is frequently referred to as a passion of anger it may be any of the other emotional outbursts which are referred to as passion as for instance sudden resentment, or fear, or terror, provided only that it result from adequate provocation and that it be actually the cause of the killing.’ There was evidence presented that, if believed by the jury, would support a finding that in those moments when Simon was approaching him, McDowell believed that Simon was about to assault him and that McDowell acted out of fear,”
740 So.2d at 468-69. In Cox v. State, 500 So.2d 1296 (Ala.Crim.App.1986), we said:
“Under the present , facts, the appellant fired the first shot during a fight between his wife, the deceased’s ex-wife, and the deceased.. The deceased then verbally threatened the appellant and made a movement towards him, where *1222 upon the appellant shot the deceased in the stomach, which resulted in his death. The jury could have reasonably found that the appellant believed that he was about to be assaulted, and, therefore acted out of the heat of passion.”
500 So.2d at 1298. In Wyllie v. State, 445 So.2d 958 (Ala.Crim.App.1983), we further stated:
“Appellant’s testimony was presented in support of her claim of self-defense to prove that she was, indeed, justified in killing her husband. Implicit in appellant’s version of the facts was the theory that she was provoked by her husband’s imminent attack upon her. If believed, appellant’s version of the facts might have provided a ‘rational basis’ for a conviction of manslaughter pursuant to § 13A-6-3(a)(2), Code of Alabama 1975. But see, Pennell v. State, [429 So.2d 679 (Ala.Crim.App.1983)] (evidence did not justify a manslaughter instruction [where evidence established there was no provocation recognized by law and, even if there were, there was sufficient time for the accused to cool off]). However incredible appellant’s version of the facts might have been, in light of the state’s convincing evidence to the contrary, there was evidence of sufficient provocation to reduce the offense from murder to manslaughter. See, Reeves v. State, 186 Ala. 14, 65 So. 160 (1914); Roberson v. State, 217 Ala. 696, 117 So. 412 (1928). Under these circumstances the jury would have been authorized to find the appellant guilty of only manslaughter, as the result of an imperfect claim of self-defense.”
445 So.2d at 963.
Similarly, here, implicit in Fuller’s testimony that he fired the shots to protect himself and his “family,” who he believed was in danger, was the theory that Fuller was provoked by the victim’s pointing a gun at him and, therefore, that he acted out of fear. Simply put, viewing the evidence in the light most favorable to Fuller, there was evidence presented that, if believed by the jury, would support a finding that Fuller believed that the victim was about to shoot him and that Fuller, therefore, fired his gun in a sudden heat of passion. The question whether Fuller, in fact, shot and killed the victim because of a sudden passion caused by seeing the victim point a gun at him was a question that should have been submitted to the jury. See, e.g., Rogers v. State, 819 So.2d 643, 661 (Ala.Crim.App.2001) (“The question whether Rogers shot and killed Angelo Gordon and Michael Davis because of a sudden passion caused by seeing his brother Rudolph engaged in a fight with Gordon, seeing Gordon with a gun, and knowing that Gordon had shot and seriously injured Rudolph the year before, was a question for the jury.”); and Cox, 500 So.2d at 1298 (“This court has previously addressed this issue and held that ‘[w]hether heat of passion was sufficiently proven was for the jury to determine.’ ”).